IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBRA BURKS,

    Plaintiff,                                      CIV-S-05-0921 GGH

    vs.

MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,                                    ORDER

    Defendant.

_____/

        Counsel's motion for attorney's fees, filed February 27, 2007, is pending before the court. Defendant filed on March 1, 2007, a response expressing no opinion, but submitting points for the court's assistance. Counsel requests attorney's fees in the amount of $9,142.75. The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed before a magistrate judge).

        Attorneys are entitled to fees for cases in which they successfully have represented social security claimants:

---

[1] Michael J. Astrue became Commissioner on February 12, 2007. Accordingly, he should be substituted as defendant in this suit. Fed. R. Civ. P. 25(d)(1). No further action need be taken by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1).

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991). The Commissioner has standing to challenge the fee award. Craig v. Secretary, Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989). The goal is to provide adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25 percent statutory maximum fee is not automatic. The court also must ensure that the fee request is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002) (reversing downward adjustment of attorney's fees based on lodestar calculation). The Gisbrecht court suggested that the claimant's lawyer should submit a record of hours spent and a statement of the lawyer's normal hourly billing charge to assist the court in concluding that the fee sought is reasonable. Id. The character of the representation (including matters such as attorney caused delay), or the nature of the results achieved might, in a proper case, justify downward adjustment from the statutory maximum fee. Id.

Counsel has attached to her motion a letter from the Commissioner advising plaintiff that the Social Security Administration is withholding 25% of plaintiff's past due benefits, or $9,142.75 to pay attorney's fees. (Rizzo Decl., Exh. B). Counsel requests a fee in the amount of $9,142.75. Counsel has submitted a copy of a standard social security case 25% contingency fee arrangement, together with a statement documenting 47 hours expended on

matters before this court. The court finds the amount of hours expended to be reasonable. The requested fee divided by the hours expended constitutes an hourly billing rate of approximately $194.53/hour, which is sufficiently modest. The court finds $9,142.75 to be a reasonable fee in light of the contingency arrangement between plaintiff and her counsel, the hours expended, the quality of counsel's representation, the results achieved, and an offset for already awarded EAJA fees.

Accordingly, counsel's request for attorney's fees in the amount of $9,142.75 is GRANTED. Counsel has previously been awarded EAJA fees in the amount of $5,000. The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of her withheld benefits. Counsel shall reimburse plaintiff in the amount of $5,000 which shall not be deducted from plaintiff's past due benefits.

DATED: 5/16/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Burks0921.fee.wpd